UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>MARTIN STEWART CULLENWARD,<br><br>            Defendant. | No.  2:14-mc-22-JAM KJN<br><br>No.  2:14-mc-23-JAM KJN<br><br>ORDER |

Presently pending before the court is third party Michele Cullenward's motions to quash writs of garnishments issued against her retirement accounts with Scottrade, Inc. ("Scottrade") and T. Rowe Price Associates, Inc. ("T. Rowe Price"), which are related to a judgment for restitution entered against her spouse, Martin Stewart Cullenward, in a criminal case, United States v. Cullenward, 2:13-cr-60-JAM. (See United States v. Cullenward, 2:14-mc-22-JAM-KJN, ECF No. 7), and United States v. Cullenward, 2:14-mc-23-JAM-KJN ECF No. 8.).[1]  The

---

[1] The writs of garnishment against the two retirement accounts were each issued in a separate miscellaneous case. (See United States v. Cullenward, 2:14-mc-22-JAM-KJN [Scottrade account], and United States v. Cullenward, 2:14-mc-23-JAM-KJN [T. Rowe Price account]). On March 24, 2014, the court related the two cases and, due to the overlapping nature of the issues presented in the motions to quash the writs of garnishment, the court permitted the parties to simultaneously brief the merits of both motions in the earlier case only.  This order resolves the motions to quash pending in both miscellaneous cases.

1

United States filed a response to the motions to quash, and Ms. Cullenward subsequently filed a reply to the United States' response. (See id., 2:14-mc-22-JAM-KJN, ECF Nos. 9, 11.)[2]

After considering the parties' briefing, the court's record, and the applicable law, the court grants the motions to quash the writs of garnishment.

BACKGROUND

The background facts are largely undisputed. In an underlying criminal case, defendant Martin Stewart Cullenward was ordered to pay restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663a ("MVRA") in the amount of $1,483,620.14, to be paid jointly and severally, to varying degrees, with certain co-defendants. (See United States v. Cullenward, 2:13-cr-60-JAM, ECF Nos. 24, 29, 31.) On February 6, 2014, the United States filed applications for writs of garnishment with respect to two of Ms. Cullenward's retirement accounts – a rollover IRA through Scottrade and a 401(k) account through Ms. Cullenward's current employer, Bogle Vineyards, for which T. Rowe Price provides certain recordkeeping services. (Id., 2:14-mc-22-JAM-KJN, ECF No. 3 and 2:14-mc-23-JAM-KJN, ECF No. 3.) The Clerk of Court issued writs of garnishment on February 10, 2014. (Id., 2:14-mc-22-JAM-KJN, ECF No. 4 and 2:14-mc-23-JAM-KJN, ECF No. 4.)

Scottrade filed an amended answer to the writ of garnishment indicating that Ms. Cullenward has a self-directed IRA at Scottrade with an approximate market value of $25,127.66 in securities and $1,003.87 in cash. According to Scottrade, the IRA is "controlled solely by Michelle Cullenward. Martin S. Cullenward does not have control or trading authority over this account." (United States v. Cullenward, 2:14-mc-22-JAM-KJN, ECF No. 14.)

T. Rowe Price filed an answer to the writ of garnishment indicating that Ms. Cullenward has a 401(k) account through her employer, Bogle Vineyards, for which T. Rowe Price provides record-keeping services, with an account balance of $7,909.04 as of February 12, 2014. (United States v. Cullenward, 2:14-mc-23-JAM-KJN, ECF No. 7.) T. Rowe Price also stated that it was an improper party to respond to the writ of garnishment, because it is not the plan administrator of

---

[2] The court finds the motions suitable for submission on the briefing and record, and appropriate for resolution without oral argument pursuant to Local Rule 230(g).

the Bogle Vineyards 401(k) and only provides certain directed record-keeping services for the plan. (Id.) The answer specified the name and contact information of the actual plan administrator for the 401(k) plan. (Id.)

Ms. Cullenward ultimately filed objections and the instant motions to quash both writs of garnishment.

DISCUSSION

In this case, the United States seeks to immediately liquidate Ms. Cullenward's retirement accounts. Ms. Cullenward contends that garnishment of the retirement accounts at issue is inappropriate under binding Ninth Circuit case law, because Mr. Cullenward is not the owner of the accounts and has no present unilateral right to receive a lump sum distribution or other payments from Ms. Cullenward's retirement accounts. Ms. Cullenward asserts, consistent with the answers filed by Scottrade and T. Rowe Price, that she is the owner of these retirement accounts, and that they are not subject to Mr. Cullenward's management and control.

The United States does not dispute that the retirement accounts are registered to Ms. Cullenward, and that she exercises management and control over the accounts. The United States essentially argues that Ms. Cullenward's retirement accounts are nonetheless community property under California law, because their contents derive from Ms. Cullenward's earnings during marriage; that the community estate is liable for a debt (or a judgment for a debt) incurred by either spouse before or during marriage pursuant to California law; and that the United States therefore may garnish Ms. Cullenward's community property retirement accounts to satisfy the restitution judgment against her spouse.

The Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA") contains an anti-alienation provision, which generally requires that "benefits under the plan may not be assigned or alienated" and thus "broadly protects covered retirement benefits from dissipation through payment to third parties…." 29 U.S.C. § 1056(d)(1); United States v. Novak, 476 F.3d 1041, 1045 (9th Cir. 2007). The anti-alienation provision accords with ERISA's strong underlying policy that "[r]etirement funds shall remain inviolate until retirement." Boggs v. Boggs, 520 U.S. 833, 851 (1997). Nevertheless, under the MVRA's statutory scheme, the United

3

States may enforce an order of restitution pursuant to the MVRA "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine [or an order of restitution] may be enforced against all property or rights to property of the person fined," subject to certain specified exceptions not relevant here. 18 U.S.C. § 3613(a), (f).

In Novak, the Ninth Circuit Court of Appeals considered "whether—and if so, under what circumstances—a criminal defendant's retirement benefits are available as a source of funds to compensate crime victims." Novak, 476 F.3d at 1043. After performing extensive statutory construction and interpretation, the Ninth Circuit ultimately held that the "MVRA authorizes the enforcement of restitution orders against retirement plan benefits, the anti-alienation provision of ERISA notwithstanding." Id. at 1053. However, the Ninth Circuit noted that that conclusion still leaves a key question: "When is a participant's interest in a retirement plan 'property or [a] right [ ] to property' under 18 U.S.C. § 3613(a)? Only if the defendant's interest is properly so categorized can that interest be reached by the government when enforcing a restitution order under [the] MVRA." Id. at 1060. "The matter is far from straightforward, as retirement plans differ widely in their terms. Plans often include promises of future benefits not convertible to cash in whole or part until some contingency—such as reaching a certain age or becoming disabled—occurs. Determining whether such a contingency interest has become 'property or [a] right [ ] to property' within the meaning of § 3613(a) is a necessary prerequisite to enforcement of a restitution order under [the] MVRA." Id. at 1061.

The Ninth Circuit also observed that:

> Even though state law ordinarily informs the delineation of "property," the interpretation of the term "property or [a] right [ ] to property" in the current context must be determined by taking into account federal law. Retirement plans covered by ERISA, the species of property rights that here concerns us, are governed exclusively by federal law. *See* 29 U.S.C. § 1144(a) (dictating that, with certain exceptions, ERISA "shall supersede any and all State laws insofar as they … relate to any employee benefit plan"). We therefore look to ERISA to determine the extent and nature of the rights a retirement plan participant holds in the plan.

4

1  Novak, 476 F.3d at 1061.  After further statutory analysis, the Ninth Circuit determined that, for
2  purposes of enforcing MVRA restitution orders against ERISA retirement plan assets, the
3  government essentially steps into the criminal defendant's shoes, and the government's rights are
4  thus limited to the rights that the criminal defendant would have to receive amounts then available
5  under the terms of the particular retirement plan.  Id. at 1061-63.  Therefore, "the government can
6  immediately garnish the corpus of a retirement plan to satisfy a MVRA judgment –rather than
7  merely obtain post-retirement payments that otherwise would have gone to the defendant—if, but
8  only if, the terms of the plan allow the defendant to demand a lump sum payment at the present
9  time."  Id. at 1063.  Stated differently, "criminal restitution orders can be enforced by garnishing
10 retirement funds, but with the funds only payable when the defendant has a current, unilateral
11 right to receive payments under the terms of the retirement plan."  Id. at 1043.

12       Even assuming, without deciding, that a portion or all of Ms. Cullenward's retirement
13 accounts would constitute community property under California law, Novak directed courts to
14 look to *federal law* (in this case ERISA), "to determine the extent and nature of the rights a
15 retirement plan participant holds in [a] plan" when considering whether plan funds could be
16 garnished to satisfy a restitution judgment.  Novak, 476 F.3d at 1061.  Under Novak, the United
17 States, stepping into the shoes of Mr. Cullenward, clearly cannot liquidate Ms. Cullenward's
18 accounts, because Mr. Cullenward himself does not have a current, unilateral right to receive a
19 lump sum payment from Ms. Cullenward's accounts without her consent.[3]  Mr. Cullenward may
20 potentially have a right to receive proceeds from the accounts upon Ms. Cullenward's retirement
21 and election to start receiving benefits, her death, or upon the couple's divorce by virtue of a
22 qualified domestic relations order.  However, Ms. Cullenward, who is 59 years old and still
23 married to Mr. Cullenward, asserts that she is not retired, does not intend to retire anytime soon,

---

[3] In a case involving the criminal defendant's own retirement accounts, such as Novak, it may be necessary to review the actual plan documents to determine whether the criminal defendant is presently entitled to unilaterally demand a lump sum payment under the terms of the particular plan.  Novak, 476 F.3d at 1064.  However, unlike the defendant in Novak, Mr. Cullenward is not a participant in the retirement plans at issue, which are undisputedly registered to Ms. Cullenward, and under her management and control (regardless of any potential community property characterization for purposes of California law).

1  and obviously does not consent to liquidation of her retirement accounts.

2  The United States appears to suggest that spousal consent for liquidation is not necessary
3  if the retirement accounts at issue are community property under California law.  But that
4  argument ignores the import of ERISA in this arena, and is inconsistent with Novak, in which the
5  Ninth Circuit specifically stated:

> We note that because the government's right is to step into the
> *defendant's* shoes, it will not be able unilaterally to cash out a
> retirement plan when ERISA requires that lump sum payments be
> made payable only with spousal consent.

9  Novak, 476 F.3d at 1063.  If the government is unable to cash out a *criminal defendant's own*
10 *retirement plan* when ERISA and/or the plan requires spousal consent (regardless of how the plan
11 assets may be characterized for purposes of California community property law), the government
12 certainly cannot cash out the *spouse's retirement plan* without that spouse's consent.

13 Indeed, the United States cites no binding, or even persuasive, case law where courts have
14 permitted liquidation of retirement accounts belonging to a criminal defendant's spouse under the
15 circumstances presented here.  The United States relies heavily on United States v. Berger, 574
16 F.3d 1202 (9th Cir. 2009), in which the Ninth Circuit held, as a general matter, that "community
17 property is available to satisfy a restitution judgment obtained under the MVRA against a
18 criminally liable spouse, including that portion of the property that otherwise would potentially be
19 awarded upon dissolution of marriage to an innocent spouse who was not involved in the criminal
20 activity."  Berger, 574 F.3d at 1203.   However, such reliance is misplaced, because Berger
21 involved satisfaction of a restitution order with proceeds from the sale of real estate, which the
22 parties in that case agreed was community property.  Importantly, Berger did not involve
23 retirement accounts, and thus did not implicate ERISA and its unique policy concerns involving
24 retirement accounts.  Instead, Novak, which carefully considered the interplay between the
25 MVRA and ERISA in the arena of retirement accounts, supplies the more specific rule and
26 therefore governs this case.

27 In the alternative, the United States requests that the court enter a continuing writ of
28 garnishment so that the United States may liquidate the accounts at the earlier date Ms.

Cullenward is able to demand a lump sum payment under her plans or when she reaches the age of 59.5.  The United States fails to explain the significance of the age of 59.5, although it presumably refers to the age that a participant can generally withdraw funds from the ERISA plan without a tax penalty.  See 26 U.S.C. § 72(t).  Regardless, under Novak, the United States steps into the shoes of Mr. Cullenward – not the shoes of Ms. Cullenward.  Ms. Cullenward is not obligated to demand a lump sum payment, or to retire and start receiving periodic payments, from her retirement accounts at age 59.5 – indeed, she may elect to defer retirement and receipt of any funds from the retirement accounts for several more years.  Generally, because Mr. Cullenward cannot, absent a qualified domestic relations order following a divorce action, compel Ms. Cullenward to withdraw any funds from her retirement accounts now or at age 59.5, neither can the United States.  Even assuming, without deciding, that the United States may one day be entitled to garnish a portion or all of Ms. Cullenward's retirement account funds, there is no indication that the United States will be able to do so in the foreseeable future.

In light of the above, the court quashes the writs of garnishment against Ms. Cullenward's retirement accounts.[4]

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Ms. Cullenward's motions to quash the writs of garnishment are GRANTED.
2. The writs of garnishment issued against Ms. Cullenward's retirement accounts with Scottrade and T. Rowe Price are QUASHED.
3. The United States shall forthwith provide notice of the court's order to garnishees Scottrade and T. Rowe Price.

////

////

////

---

[4] The court thus finds it unnecessary to consider Ms. Cullenward's remaining arguments that T. Rowe Price is an improper garnishee and that any garnishment should be subject to a 25% limitation under the Consumer Credit Protection Act.

4. This order disposes of docket number 7 in <u>United States v. Cullenward</u>, 2:14-mc-22-JAM-KJN, and docket no. 8 in <u>United States v. Cullenward</u>, 2:14-mc-23-JAM-KJN.

IT IS SO ORDERED.

Dated: April 9, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE